[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM ISSUED TO LEAH HEWITT
The plaintiffs in the above-captioned case seek an order requiring the defendant to produce certain documents at the deposition of one of its employees, Leah Hewitt. The documents are identified in a document titled "Request to Produce" dated May 3, 2002.
The defendant objects that the scope of the plaintiffs' request is not limited to documents that relate to their own claims but extends to information concerning other physicians on topics for which this court denied class certification. The plaintiffs all practice in the specialty of orthopedics.
Scope of required compliance
CT Page 8615
By an order dated June 7, 2002, this court granted the plaintiffs leave to amend their complaint to add allegations concerning the defendants' implementation of "RBRVS-based compensation." This claim relates to the named plaintiffs only, as the court denied their motion to expand the class it had previously defined in order to include this claim, which had not been articulated in the complaint at the time the court ruled on class certification.
The plaintiffs are thus entitled to discovery of documents and information concerning their own claims as to the new complaint (which is titled Second Amended Complaint, and which bears a date of August 17, 2001) including those new claims concerning RBRVS that were not in the complaint at the time this court ruled on class certification. This court noted in Case Management Order #5, at paragraph 2, that "The plaintiffs may not conduct discovery as to claims of proposed class members for which class certification was not granted."
The plaintiffs seek minutes of meetings of all committees on which Ms. Hewitt served, policy manuals, guidelines, directives and memoranda she prepared on multiple subjects, and reports she prepared on other subjects. The plaintiffs are entitled to that information insofar as it relates to 1) them or any of them in particular; 2) the specialty area in which they or any of them practice, 3) them or any of them as a result of a general policy or practice of the defendant that applies to all physicians regardless of specialty. Documents containing such information are within the scope of Practice Book § 13-2.
The defendant's brief makes no mention of the amendment of the plaintiffs' complaint that this court authorized on June 7, 2002. All documents described in the subpoena duces tecum that relate to RBRVS and conversion factors applied to the plaintiffs or any group to which the plaintiffs belong, for example, orthopods or orthopedic surgeons, are discoverable.
Information concerning specialties to which the plaintiffs do not belong or policies which are not applied to the plaintiffs is not within the scope of discovery defined by Practice Book § 13-2. The defendant has represented to the court that where a report or other document contains some information applicable to the plaintiffs' claims and some that is only applicable to other speciality categories, it has supplied redacted documents that reveal only the information that applies to the plaintiffs or any category to which they belong in the defendant's operations. This approach complies with the defendant's discovery obligations.
Plaintiffs' request for log
CT Page 8616
The plaintiffs request an order requiring the defendant to keep a log of documents that would be responsive to class claims or that the defendant claims are not responsive to the document request that accompanied the Hewitt subpoena. While courts sometimes require parties who are withholding documents on the basis of claims of privilege to supply such a log of the withheld items, neither the Practice Book nor case law suggests any reason to impose on a party the burden of preparing a log of documents not within the scope of discovery simply because an adversary seeks broader discovery. The request for a log is denied.
Conclusion
The motion is denied. The defendant shall furnish those documents or portions of documents that are within the scope of discovery of the claims of the plaintiffs in the Second Amended Complaint, as set forth above. The documents shall be furnished at least a week before the deposition, absent agreement of the parties to different arrangements.
 Beverly J. Hodgson Date Judge of the Superior Court